UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRIN TORRES and DAQUAN BRADLEY,

                                 Plaintiffs,

              -against-

THE CITY OF NEW YORK, JOHN SIOKAS,
CHRISTOPHER WARD, EUGENE JONNY, and JOHN
DOE,

                                 Defendants.

**DECLARATION OF KAVIN THADANI IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1:16-cv-06719-BMC

------------------------------------------------------------------------ x

      **KAVIN THADANI**, an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true:

      1.     I am a Senior Counsel in the Office of Zachary Carter, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, John Siokas, Christopher Ward and Eugene Jonny. As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendants' Motion for Summary Judgment.

      2.     Annexed hereto as Exhibit "A" is a copy of excerpts of the deposition transcript of John Siokas, which demonstrate, *inter alia*, that Wilfredo Vasquez informed John Siokas that he was assaulted and robbed by plaintiffs, among others.

      3.     Annexed hereto as Exhibit "B" is a copy of Arrest Report No. K15617507, concerning the arrest of plaintiff DaQuan Bradley.

      4.     Annexed hereto as Exhibit "C" is a copy of Arrest Report No. K15617502 concerning the arrest of plaintiff Tyrin Torres.

5. Annexed hereto as Exhibit "D" is a copy of the Criminal Court Complaint, which demonstrates, *inter alia*, that Wilfredo Vasquez informed John Siokas that he was assaulted and robbed by plaintiffs, among others, and that, as a result, plaintiffs were charged with two counts of Robbery in the Second Degree, Assault in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Assault in the Third Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fifth Degree, Menacing in the Third Degree and Harassment in the Second Degree.

6. Annexed hereto as Exhibit "E" is a copy of excerpts of the deposition transcript of plaintiff DaQuan Bradley, which demonstrate, *inter alia*, that Mr. Bradley did not make any additional court appearances following his arraignment.

7. Annexed hereto as Exhibit "F" is a copy of excerpts of the deposition transcript of plaintiff Tyrin Torres, which demonstrate, *inter alia*, that Mr. Torres did not make any additional court appearances following his arraignment.

8. Annexed hereto as Exhibit "G" is a copy of excerpts of John Siokas's memobook, which demonstrate, *inter alia*, that Wilfredo Vasquez identified both plaintiffs during a show-up identification procedure.

9. Annexed hereto as Exhibit "H" is a copy of excerpts of the deposition transcript of Shea Scanlon Lomma, which demonstrate, *inter alia*, that the Complaint Room Screening Sheet does not always explicitly list all of the identifications made at the scene of a crime, that, when a criminal defendant is not identified at the scene of a crime, that fact is explicitly noted in the Complaint Room Screening Sheet, and that the Criminal Court Complaint indicates that both plaintiffs were identified by Wilfredo Vasquez at the scene.

Dated: New York, New York
July 31, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York  10007
        (212) 356-2351


        By:   /s/ Kavin Thadani
              Kavin Thadani
              Senior Counsel
              Special Federal Litigation Division


TO:   **<u>VIA ECF</u>**
       Michael Lumer, Esq.
       *Attorney for Plaintiffs*