1:16-cv-06719-BMC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYRIN TORRES and DAQUAN BRADLEY,

                                        Plaintiffs,

            -against-

THE CITY OF NEW YORK, JOHN SIOKAS,
CHRISTOPHER WARD, EUGENE JONNY, and JOHN
DOE,

                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*
*Matter No.: 2016-050745*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

STANDARD OF LAW ...................................................................................................... 3

ARGUMENT

POINT I

PLAINTIFFS' FALSE ARREST CLAIM SHOULD
BE DISMISSED .................................................................................... 5

POINT II

PLAINTIFFS' MALICIOUS PROSECUTION
CLAIM SHOULD BE DISMISSED ..................................................... 10

A.  There Was Probable Cause to Prosecute
Plaintiffs ................................................................................... 10

B.  Plaintiffs Cannot Prove Malice ...................................................... 12

POINT III

PLAINTIFFS' FAIR TRIAL CLAIM SHOULD BE
DISMISSED ......................................................................................... 12

POINT IV

DEFENDANTS ARE ENTITLED TO QUALIFIED
IMMUNITY ......................................................................................... 15

CONCLUSION ................................................................................................................. 17

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                                              <u>**Pages**</u>

*Anderson v. Creighton,*
      483 U.S. 635 (1987)..................................................................................................16

*Anderson v. Liberty Lobby, Inc.,*
      477 U.S. 242 (1986)....................................................................................................3

*Angevin v. City of New York,*
      204 F. Supp. 3d 469  (E.D.N.Y. 2016) .................................................................12

*Bernard v. United States,*
      25 F.3d 98 (2d Cir. 1994) .......................................................................................5-6

*Blau v. Suffolk County,*
      No. 11-CV-4818 (JMA) (SIL),
      2016 U.S. Dist. LEXIS 12934 (E.D.N.Y. Feb. 3, 2016)......................................11

*Brown v. City of New York,*
      No. 14 Civ. 5372 (BMC),
      2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014) ............................ 12-14

*Brown v. New York,*
      459 N.Y.S.2d 589 (N.Y. App. Div. 1983) .............................................................10

*Brown v. Russo,*
      No. 15 Civ. 6215 (BMC) (LB),
      2016 U.S. Dist. LEXIS 177414 (E.D.N.Y. Dec. 21, 2016) ....................................6

*Calvert v. Katy Taxi, Inc.,*
      413 F.2d 841 (2d Cir. 1969)......................................................................................4

*Campbell v. Giuliani,*
      No. 99-CV-2603 (JG),
      2001 U.S. Dist. LEXIS 609 (E.D.N.Y. Jan. 24, 2001) ...........................................6

*Cerrone v. Brown,*
      246 F.3d 194 (2d Cir. 2001)....................................................................................16

*Colon v. City of New York,*
      455 N.E.2d 1248 (N.Y. 1983)...................................................................................6

*Cortes v. City of New York,*
      148 F. Supp. 2d 248 (E.D.N.Y. 2015) .............................................................10-11

**Cases**                                                                                            **Pages**

*Curley v. Vill. of Suffern*,
    268 F.3d 65 (2d Cir. 2001)................................................................................6-7

*De Michele v. City of New York*,
    No. 09 Civ. 9334 (PGG),
    2012 U.S. Dist. LEXIS 136460 (S.D.N.Y. Sept. 24, 2012)..................................7

*Michigan v. DeFillippo*,
    443 U.S. 31 (1979).............................................................................................7

*Blouin ex rel. Estate of Pouliot v. Spitzer*,
    356 F.3d 348 (2d Cir. 2004)..............................................................................15

*Figueroa v. Mazza*,
    No. 14-4116-cv, 2016 U.S. App. LEXIS 10152 (2d Cir. June 3, 2016)...........16-17

*Gisondi v. Harrison*,
    528 N.E.2d 157 (N.Y. 1988)..............................................................................7

*Gonzalez v. City of Schenectady*,
    728 F.3d 149 (2d Cir. 2013)...............................................................................5

*Gounden v. City of New York*,
    No. 14 Civ. 7411 (BMC),
    2015 U.S. Dist. LEXIS 134887 (E.D.N.Y. Oct. 2, 2015)..................................5-6

*Gustavia Home, LLC v. Rice*,
    No. 16 Civ. 2353 (BMC),
    2016 U.S. Dist. LEXIS 157212 (E.D.N.Y. Nov. 10, 2016).................................8-9

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)..........................................................................................15

*Haussman v. Fergus*,
    894 F. Supp. 142 (S.D.N.Y. 1995).....................................................................7

*Hoyos v. City of New York*,
    999 F. Supp. 2d 375 (E.D.N.Y. 2013) ...........................................................11, 14

*Hunter v. Bryant*,
    502 U.S. 224 (1991)..........................................................................................15

*Integrity Elecs., Inc. v. Garden State Distribs.*,
    No. 14 Civ. 3197 (BMC),
    2016 U.S. Dist. LEXIS 86143 (E.D.N.Y. June 30, 2016) ......................................9

| **Cases** | **Pages** |
|---|---|

*Jones v. Parmley*,
465 F.3d 46 (2d Cir. 2006)................................................................................15

*Jouthe v. City of New York*,
No. 05-CV-1374 (NGG) (VVP),
2009 U.S. Dist. LEXIS 18163 (E.D.N.Y. Mar. 10, 2009).........................................5

*Jovanovic v. City of New York*,
486 F. App'x 149 (2d Cir. 2012) ......................................................................13

*Little v. Massari*,
526 F. Supp. 2d 371 (E.D.N.Y. 2007) ................................................................7

*Maciariello v. Sumner*,
973 F.2d 295 (4th Cir. 1992) ...................................................................... 15-16

*Maldonado v. City of New York*,
No. 11 Civ. 3514 (RA),
2014 U.S. Dist. LEXIS 26239 (S.D.N.Y. Feb. 26, 2014)................................. 11-12

*Malley v. Briggs*,
475 U.S. 335 (1986)........................................................................................16

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)..........................................................................................4

*McClellan v. Smith*,
439 F.3d 137 (2d Cir. 2006)............................................................................16

*Mesa v. City of New York*,
No. 09 Civ. 10464 (JPO),
2013 U.S. Dist. LEXIS 1097 (S.D.N.Y. Jan. 3, 2013) ........................................15

*Miloslavsky v. AES Eng'g Soc'y, Inc.*,
808 F. Supp. 351 (S.D.N.Y. 1992),
*aff'd*, 993 F.2d 1534 (2d Cir. 1993) ..................................................................6

*Mistretta v. Prokesch*,
5 F. Supp. 2d 128 (E.D.N.Y. 1998) ...................................................................7

*Mitchell v. Forsyth*,
472 U.S. 511 (1985)........................................................................................15

*Murphy v. Lynn*,
118 F.3d 938 (2d Cir. 1997)............................................................................10

**Cases**                                                                                          **Pages**

*Panetta v. Crowley,*
    460 F.3d 388 (2d Cir. 2006)......................................................................6-7

*Poe v. Leonard,*
    282 F.3d 123 (2d Cir. 2002)......................................................................15

*Posr v. Pascale,* Nos.
    15 Civ. 0584 (BMC)(LB), 15 Civ. 4420(BMC)(LB),
    2017 U.S. Dist. LEXIS 55907 (E.D.N.Y. Apr. 12, 2017) .......................5

*Ricciuti v. New York City Transit Auth.,*
    124 F.3d 123 (2d Cir. 1997)......................................................................16

*Rohman v. New York City Transit Auth.,*
    215 F.3d 208 (2d Cir. 2000)......................................................................10

*Rothstein v. Carriere,*
    373 F.3d 275 (2d Cir. 2004)......................................................................10

*Scotto v. Almenas,*
    143 F.3d 105 (2d Cir. 1998)......................................................................4

*Sheikh v. City of New York, Police Dep't,*
    No. 03-CV-6326 (NGG),
    2008 U.S. Dist. LEXIS 107049 (E.D.N.Y. Dec. 5, 2008) ......................6

*Singer v. Fulton County Sheriff,*
    63 F.3d 110 (2d Cir. 1995)........................................................................5

*Stansbury v. Wertman,*
    721 F.3d 84 (2d Cir. 2013)........................................................................10

*Vasquez v. City of New York,*
    No. 11-CV-3024 (SLT) (VVP),
    2013 U.S. Dist. LEXIS 144313 (E.D.N.Y. Sep. 30, 2013)....................11

*Weyant v. Okst,*
    101 F.3d 845 (2d Cir. 1996).....................................................................5, 7

*Nebraska v. Wyoming,*
    507 U.S. 584 (1993)..................................................................................4

*Ying Jing Gan v. City of New York,*
    996 F.2d 522 (2d Cir. 1993)......................................................................4

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

*Zahrey v. Coffey,*
  221 F.3d 342 (2d Cir. 2000)................................................................................13

**<u>Statutes</u>**

42 U.S.C. § 1983...............................................................................................1, 10

Fed. R. Civ. P. 56.................................................................................................1, 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRIN TORRES and DAQUAN BRADLEY,

                                    Plaintiffs,

                 -against-

THE CITY OF NEW YORK, JOHN SIOKAS,
CHRISTOPHER WARD, EUGENE JONNY, and JOHN
DOE,

                                Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION FOR SUMMARY
JUDGMENT**

1:16-cv-06719-BMC

        Defendants City of New York ("City"), John Siokas ("Siokas"), Christopher

Ward ("Ward") and Eugene Jonny ('Jonny"), by their attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, respectfully submit this Memorandum of Law in support of

their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

<u>**PRELIMINARY STATEMENT**</u>

        Plaintiffs Tyrin Torres and DaQuan Bradley bring this action, pursuant to 42

U.S.C. § 1983, alleging violations of their civil rights.  Specifically, plaintiffs assert claims of

false arrest, malicious prosecution, and deprivation of the right to a fair trial against Siokas,

Ward and Jonny.[1]  Defendants now move for summary judgment on plaintiffs' claims pursuant

to Fed. R. Civ. P. 56 on the grounds that:  (1) plaintiffs' false arrest claim fails as a matter of law

because there was probable cause to arrest them based upon information provided by a

complaining victim that plaintiffs, among others, assaulted and robbed him; (2) plaintiffs'

malicious prosecution claim also fails as a matter of law because there was probable cause to

---

[1]    By letter dated July 3, 2017, plaintiffs withdrew their municipal liability claim against
defendant City.  *See* Docket No. 23.

prosecute them based upon information provided by a complaining victim that plaintiffs, among others, assaulted and robbed him and because plaintiffs are unable to prove malice; and (3) plaintiffs' fair trial claim fails as a matter of law because, *inter alia*, plaintiffs are not able to establish a sufficient deprivation of liberty caused by any alleged false statements.

## **STATEMENT OF FACTS**

On March 11, 2015, shortly after approximately 8:30 p.m., inside of a deli located on Mermaid Avenue in Brooklyn, New York, Wilfredo Vasquez informed Siokas that he had just been assaulted and robbed.  *See* Defendants' Statement Pursuant to Local Rule 56.1 ("56.1 Stmt.") at ¶ 1; Siokas Dep. at 192:12:193:14, annexed to the Declaration of Kavin Thadani dated July 31, 2017 ("Thadani Decl.") as Exhibit A; Arrest Report No. K15617507, Thadani Decl., Ex. B; Arrest Report No. K15617502, Thadani Decl., Ex. C; Criminal Court Complaint, Thadani Decl., Ex. D.  More specifically, Mr. Vasquez informed Siokas that a group of individuals punched and kicked him until he fell to the ground, that he was kicked and punched while on the ground and that his cellular telephone was forcibly removed from his hand.  *See* 56.1 Stmt. at ¶ 2; Arrest Report No. K15617507, Thadani Decl., Ex. B; Arrest Report No. K15617502, Thadani Decl., Ex. C; Criminal Court Complaint, Thadani Decl., Ex. D.  Mr. Vasquez also informed Siokas that, as a result, he sustained bruising and swelling to his face and body.  *See* 56.1 Stmt. at ¶ 3; Criminal Court Complaint, Thadani Decl., Ex. D.  Siokas also observed swelling to Mr. Vasquez's face and redness to his ribs.  *See* 56.1 Stmt. at ¶ 4; Siokas Dep. at 70:10-72:6, Thadani Decl., Ex. A.

After Mr. Vasquez and Siokas exited the deli, Mr. Vasquez pointed towards three males across the street getting into a livery cab in front of a liquor store and informed Siokas that they are the ones that assaulted and robbed him.  *See* 56.1 Stmt. at ¶ 5; Siokas Dep. at 79:5-81:3, 193:20-194:19, Thadani Decl., Ex. A.  The livery cab was pulled over and plaintiff Tyrin Torres,

plaintiff DaQuan Bradley and Sebastian Colin were removed from the vehicle. *See* 56.1 Stmt. at ¶ 6; Bradley Dep. at 55:1-3, 61:5-12, Thadani Decl., Ex. E. After plaintiffs and Mr. Colin were removed from the vehicle and lined up next to each other, during a show-up identification procedure, Mr. Vasquez again confirmed to Siokas that all three of the men assaulted and robbed him. *See* 56.1 Stmt. at ¶ 7; Bradley Dep. at 71:24-72:15, Thadani Decl., Ex. E; Torres Dep. at 76:1-5, Thadani Decl., Ex. F; Siokas Dep. at 101:15-103:4, Thadani Decl., Ex. A; Siokas Memobook at D000176, Thadani Decl., Ex. G; Criminal Court Complaint, Thadani Decl., Ex. D.

Based upon the information from Mr. Vasquez, plaintiffs were arrested and charged with two counts of Robbery in the Second Degree, Assault in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Assault in the Third Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fifth Degree, Menacing in the Third Degree and Harassment in the Second Degree. *See* 56.1 Stmt. at ¶ 8; Criminal Court Complaint, Thadani Decl., Ex. D; Arrest Report No. K15617507, Thadani Decl., Ex. B; Arrest Report No. K15617502, Thadani Decl., Ex. C. Following arraignment, neither plaintiff made an additional court appearance. *See* 56.1 Stmt. at ¶ 9; Bradley Dep. at 94:5-13, Thadani Decl., Ex. E; Torres Dep. at 127:20-25, Thadani Decl., Ex. F.

## <u>STANDARD OF LAW</u>

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). At this stage, the Court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In opposing summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture. *See, e.g., Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 844 (2d Cir. 1969). Therefore, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

A plaintiff has the burden to present admissible evidence which would tend to show that there is a genuine issue of fact with respect to their claims for trial. *See e.g., Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (finding that when the nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if non-movant fails to make showing on essential element of its claim).

In the instant matter, summary judgment should be granted in favor of defendants because there are no genuine issues of material fact which warrant a trial.

## ARGUMENT

### POINT I

### PLAINTIFFS' FALSE ARREST CLAIM SHOULD BE DISMISSED

In order to state a claim for false arrest, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks and citation omitted).

"The existence of probable cause to arrest constitutes justification and is a 'complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *see also Posr v. Pascale*, Nos. 15 Civ. 0584 (BMC)(LB), 15 Civ. 4420(BMC)(LB), 2017 U.S. Dist. LEXIS 55907, at *11 (E.D.N.Y. Apr. 12, 2017) (Cogan, J.) ("Probable cause is a complete defense to false arrest and false imprisonment."). "'[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Posr*, 2017 U.S. Dist. LEXIS 55907, at *11 (Cogan, J.) (quoting *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013)).

"'It is well-settled that police officers have probable cause to arrest if they receive information from a complaining victim or other witness whom they reasonably believe to be telling the truth.'" *Jouthe v. City of New York*, No. 05-CV-1374 (NGG) (VVP), 2009 U.S. Dist. LEXIS 18163, at *28 (E.D.N.Y. Mar. 10, 2009) (citation omitted); *see also, e.g., Gounden v. City of New York*, No. 14 Civ. 7411 (BMC), 2015 U.S. Dist. LEXIS 134887, at *6 (E.D.N.Y.

Oct. 2, 2015) (Cogan, J.) ("When an officer is advised of a crime by a person claiming to have been the victim, he has probable cause to arrest.").  "Specifically, information furnished by a single complainant can establish probable cause when the information comes from a victim who provides specific details of a crime." *Sheikh v. City of New York, Police Dep't*, No. 03-CV-6326 (NGG), 2008 U.S. Dist. LEXIS 107049, at *18 (E.D.N.Y. Dec. 5, 2008) (internal quotation marks and citation omitted).  "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." *Campbell v. Giuliani*, No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (citing *Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1534 (2d Cir. 1993) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed.")).

Because an unequivocal identification of a suspect received by police from a victim or eyewitness can provide probable cause then, even where the information on which a police officer relies later turns out to be mistaken, probable cause still exists "so long as the arresting officer was reasonable in relying on that information."  Bernard, 25 F.3d at 103 (citing *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983)); *see also Brown v. Russo*, No. 15 Civ. 6215 (BMC) (LB), 2016 U.S. Dist. LEXIS 177414, at *6 (E.D.N.Y. Dec. 21, 2016) (Cogan, J.) ("Even when probable cause is based on mistaken information, probable cause can still exist so long as the arresting officer acted reasonably and in good faith in relying on the information.").

"Once a police officer has a reasonable basis to believe there is probable cause to arrest, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest." *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (quoting *Curley*

6

*v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)).  "Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." *Id.*  Quite simply, "[t]he police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it." *Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).  Furthermore, police officers "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998).  "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to  apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Little v. Massari*, 526 F. Supp. 2d 371, 375 (E.D.N.Y. 2007) (Cogan, J.) (internal quotation marks and citation omitted).

"[T]he validity of an arrest does not depend upon an ultimate finding of guilt or innocence." *See, e.g.*, *Haussman v. Fergus*, 894 F. Supp. 142, 147 (S.D.N.Y. 1995).  Thus, whether the charges for which plaintiffs were arrested are later dismissed is irrelevant to a determination of probable cause at the time of arrest.  *See, e.g., Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *see also, e.g., De Michele v. City of New York*, No. 09 Civ. 9334 (PGG), 2012 U.S. Dist. LEXIS 136460, at *22 (S.D.N.Y. Sept. 24, 2012) ("The eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest.").  "'The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers.'"  *De Michele*, 2012 U.S. Dist. LEXIS 136460, at *20 (quoting *Weyant*, 101 F.3d at 852).

Here, there was probable cause to arrest plaintiffs based upon the information provided by Mr. Vasquez that plaintiffs, among others, assaulted and robbed him.  After Mr.

Vasquez informed Siokas that he had just been assaulted and robbed, he pointed towards plaintiffs and Mr. Colin, who were across the street and in the process of getting into a livery cab, and informed Siokas that they were the ones that assaulted and robbed him. *See* 56.1 Stmt. at ¶ 5; Siokas Dep. at 79:5-81:3, 193:20-194:19, Thadani Decl., Ex. A. Then, after plaintiffs were removed from the vehicle and lined up next to each other, during a show-up identification procedure, Mr. Vasquez again confirmed to Siokas that all three of the men assaulted and robbed him. *See* 56.1 Stmt. at ¶ 7; Bradley Dep. at 71:24-72:15, Thadani Decl., Ex. E; Torres Dep. at 76:1-5, Thadani Decl., Ex. F; Siokas Dep. at 101:15-103:4, Thadani Decl., Ex. A; Siokas Memobook at D000176, Thadani Decl., Ex. G; Criminal Court Complaint, Thadani Decl., Ex. D.

Plaintiffs are unable to dispute that Mr. Vasquez identified them as the perpetrators before they were removed from the livery cab because they were not a party to any conversations between Mr. Vasquez and Siokas. Plaintiffs are also unable to dispute that Mr. Vasquez identified them during the show-up procedure following their removal from the livery cab. Any testimony from plaintiffs that Mr. Vasquez only identified / pointed at Mr. Colin and/or didn't identify / point at them is conclusory, speculative and inadmissible, and therefore cannot defeat summary judgment.[2,3] *See, e.g., Gustavia Home, LLC v. Rice*, No. 16 Civ. 2353 (BMC), 2016 U.S. Dist. LEXIS 157212, at \*4 (E.D.N.Y. Nov. 10, 2016) (Cogan, J.) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party opposing summary

---

[2]  The speculative, conclusory nature of plaintiffs' testimony in this regard is further underscored by the distance between Mr. Vasquez and plaintiffs during the show-up procedure. *See, e.g.,* Bradley Dep. at 69:3-8, Thadani Decl., Ex. E ("I know that he was far away from me."); Torres Dep. at 74:24-25, Thadani Decl., Ex. F (twenty feet); *see also* Torres Dep. at 81:5-8, Thadani Decl., Ex. F (testifying that he was "not really" able to get a good look at Mr. Vasquez when he was about twenty feet away from him).

[3]  It should be noted that, although conclusory, speculative and inadmissible, plaintiff Bradley testified that Mr. Vasquez pointed towards "us," referring him, plaintiff Torres and Mr. Colin, during the show-up procedure. *See* Bradley Dep. at 76:1-5, Thadani Decl., Ex. E.

8

judgment."); *Integrity Elecs., Inc. v. Garden State Distribs.*, No. 14 Civ. 3197 (BMC), 2016 U.S. Dist. LEXIS 86143, at *9 (E.D.N.Y. June 30, 2016) (Cogan, J.) ("[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment.") (internal quotation marks and citation omitted).   In addition, both plaintiffs conceded that they did not hear the entire conversation between Mr. Vasquez and police officers during the show-up procedure.  *See, e.g.,* Bradley Dep. at 75:8-13, 76:13-18, Thadani Decl., Ex. E; Torres Dep. at 75:4-19, 76:23-77:5, Thadani Decl., Ex. F.   Indeed, plaintiff Bradley testified that he did not even know why Mr. Vasquez was pointing.  *See, e.g.,* Bradley Dep. at 75:23-24, Thadani Decl., Ex. E.

Nor may plaintiffs appropriately rely upon the Complaint Room Screening Sheet, *see* Docket No. 23-1, which was drafted by a paralegal employed by the KCDA and never reviewed or signed by Siokas, to allege that only Mr. Colin, and not plaintiffs, was identified by Mr. Vasquez during the show-up procedure because "[t]he screening sheet does not always have all the identifications on it."  Lomma Dep. at 80:25-81:11, 98:3-6, 116:18-24, Thadani Decl., Ex. H; *see also id.* at 98:13-99:8 (testifying that all identifications made at the scene of an arrest are not always noted in the screening sheet).   Indeed, if plaintiffs were not identified, that would be explicitly noted in the screening sheet and it is not.   *See id.* at 112:7-113:18.   Instead, the criminal court complaint, which was reviewed and signed by Siokas, indicates that both plaintiffs and Mr. Colin were identified by Mr. Vasquez.   *See id.* at 95:24-96:17; Criminal Court Complaint, Thadani Decl., Ex. D.

Accordingly, plaintiffs' false arrest claim should be dismissed.

## POINT II

## PLAINTIFFS' MALICIOUS PROSECUTION
## CLAIM SHOULD BE DISMISSED

Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove each of the following: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks and citation omitted). In addition to these state law elements, a malicious prosecution claim brought under Section 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). "[T]he law places a ***heavy burden*** on malicious prosecution plaintiffs." *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (internal quotation marks and citation omitted) (emphasis added).

**A.    There Was Probable Cause to Prosecute Plaintiffs**

"Because lack of probable cause is an element of a malicious prosecution claim, the existence of probable cause is a ***complete defense*** to a claim of malicious prosecution." *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013) (emphasis added). "[P]robable cause does not require a 'certitude' that a crime has been committed by a suspect. Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution of an individual where probable cause is ***clearly*** lacking." *Brown v. New York*, 459 N.Y.S.2d 589, 591 (N.Y. App. Div. 1983) (emphasis added) (internal citation omitted).

"Where there is no change in the information known to police at the time of arrest and prosecution, probable cause sufficient to warrant arrest precludes a claim for malicious

prosecution." *Cortes v. City of New York*, 148 F. Supp. 2d 248, 255 (E.D.N.Y. 2015) (Cogan, J.) (noting that plaintiff pointed to no change in the information available to the defendants after the time he was arrested and, therefore, "[s]ince probable cause existed for the arrest and it did not dissipate, that same probable cause requires dismissal of plaintiff's malicious prosecution claim"); *see also, e.g., Vasquez v. City of New York*, No. 11-CV-3024 (SLT) (VVP), 2013 U.S. Dist. LEXIS 144313, at *21 (E.D.N.Y. Sep. 30, 2013) ("Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and initiation of the prosecution, the groundless nature of the charges is made apparent by the discovery of some intervening fact.") (internal quotation marks and citation omitted).

       As explained above, there was probable cause to arrest plaintiffs on the basis of the information provided by Mr. Vasquez that plaintiffs assaulted and robbed him.  Moreover, plaintiffs have neither alleged nor is there any evidence supporting an allegation that some new evidence was uncovered between the time of arrest and initiation to vitiate probable cause. Accordingly, plaintiffs' malicious prosecution claim should be dismissed.

       To the extent that plaintiffs allege that Siokas provided false information to the Kings County District Attorney's Office (the "KCDA"), namely that Siokas personally observed plaintiffs assault Mr. Vasquez, *see, e.g.,* Amended Complaint at ¶¶ 28, 30, it is well-settled that "even where plaintiff alleges . . . that the malicious prosecution is based on fabricated evidence, the existence of probable cause independent of the fabricated evidence is a defense to that claim." *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 290 (E.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also, e.g., Blau v. Suffolk County*, No. 11-CV-4818 (JMA) (SIL), 2016 U.S. Dist. LEXIS 12934, at *12-13 (E.D.N.Y. Feb. 3, 2016); *Maldonado v. City of New York*, No. 11 Civ. 3514 (RA), 2014 U.S. Dist. LEXIS 26239, at *24 (S.D.N.Y. Feb.

26, 2014) ("[T]he existence of probable cause independent of the allegedly falsified evidence is a defense to a malicious prosecution claim.") (internal quotation marks and citation omitted). Thus, whether or not Siokas provided false information to the KCDA with respect to observing plaintiffs assaulting Mr. Vasquez is irrelevant as to plaintiffs' malicious prosecution claim because, as discussed, there was independent probable cause to prosecute plaintiffs based solely upon information provided by Mr. Vasquez to Siokas that plaintiffs assaulted and robbed him.

Accordingly, plaintiffs' malicious prosecution claim should be dismissed.

**B.    Plaintiffs Cannot Prove Malice**

In order to prove malice, plaintiffs must show "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Angevin v. City of New York*, 204 F. Supp. 3d 469, 482 (E.D.N.Y. 2016) at *27 (internal quotation marks and citation omitted). Here, there is no evidence that any of the defendants had a "wrong or improper motive." In addition, because there was probable cause to arrest plaintiffs, as explained above, plaintiffs are unable to establish malice because "there is no improper motive in following through on the prosecution of a defendant lawfully arrested." *Id.* Accordingly, plaintiffs' malicious prosecution claim should be dismissed for this reason as well.

**POINT III**

**PLAINTIFFS' FAIR TRIAL CLAIM SHOULD
BE DISMISSED**

"A plaintiff establishes a constitutional violation for denial of the right to a fair trial based on fabrication of evidence if he proves that 'an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" *Brown v. City of*

12

*New York*, No. No. 14 Civ. 5372 (BMC), 2014 U.S. Dist. LEXIS 181736, at *3 (E.D.N.Y. Dec. 23, 2014) (Cogan, J.) (quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)).  "Therefore, in order to have a cognizable claim for denial of the right to a fair trial, a plaintiff must establish a causal connection between the fabricated evidence and his deprivation of liberty." *Id.* (citing *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("The manufacture of false evidence, 'in and of itself' . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right.").

To the extent that plaintiffs allege that Siokas orally provided false information to the KCDA, namely that Siokas personally observed plaintiffs assault Mr. Vasquez, *see, e.g.,* Amended Complaint at ¶¶ 28, 30, such allegedly false information does not adequately support plaintiffs' fair trial claim.  As an initial matter, the allegedly false statements appear only in the narrative portion of the Complaint Room Screening Sheet, which is comprised of the notes of a paralegal employed by the KCDA.  *See, e.g.,* Complaint Room Screening Sheet, Docket No. 23-1; Lomma Dep, at 80:25-81:11, 100:13-17, Thadani Decl. Ex. H.  Siokas never reviewed or signed the screening sheet (and therefore did not adopt the statement as his own) and there is no evidence in the record to prove that Siokas actually made the allegedly false statements to the screener.  *See, e.g.,* Lomma Dep. at 98:3-6, 117:15-20, Thadani Decl., Ex. H.  Indeed, the allegedly false statement that Siokas personally observed plaintiffs assault Mr. Vasquez does not appear in any document drafted or reviewed by Siokas, such as the arrest reports, his memobook, or even the criminal court complaint.

In any event, "[n]one of the allegedly false statements . . . told to the district attorney could have influenced a jury's verdict because they are inadmissible hearsay." *Brown*, 2014 U.S. Dist. LEXIS 181736, at *3 (Cogan, J.).  "In order to conclude that a fair trial would be

denied here, we would have to assume that [Siokas] would have repeated the allegedly false . . . oral statements to the district attorney in admissible form while on the witness stand. This requires a level of speculation that cannot support a constitutional tort." *Id.*

Moreover, plaintiffs are unable to establish that any alleged false information caused plaintiffs to suffer a deprivation of liberty. Indeed, "where independent probable cause exists for the prosecution, plaintiff must show that the misconduct caused some deprivation ***above and beyond*** the fact of the prosecution itself." *Hoyos*, 999 F. Supp. 2d at 394 (emphasis added). Here, as explained, there was independent probable cause to prosecute plaintiffs based upon the information provided by Mr. Vasquez, the complaining victim. Plaintiffs cannot establish that they suffered any deprivation of liberty "above and beyond the fact of the prosecution itself" as a result of any alleged false statements. In fact, after plaintiffs were arraigned, they made no additional court appearances. *See* 56.1 Stmt. at ¶ at ¶ 9; Bradley Dep. at 94:5-13, Thadani Decl., Ex. E; Torres Dep. at 127:20-25, Thadani Decl., Ex. F.

Nor can plaintiffs prove that anyone from the KCDA even took these allegedly false statements into account in any way with respect to the prosecution of plaintiffs. For example, the criminal court complaint, which was drafted by the KCDA and signed by Siokas, and which contains the factual bases for the criminal charges, does not mention anything about Siokas personally observing plaintiffs assault Mr. Vasquez. *See* Criminal Court Complaint, Thadani Decl., Ex. D.

Therefore, because plaintiffs cannot point to any evidence from which a reasonably jury could conclude that the allegedly false information from Siokas regarding his personal observations was material or caused them to suffer a deprivation of liberty as a result, plaintiffs' fair trial claim should be dismissed.

14

## POINT IV

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity is "an immunity from suit rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." *Id.* Therefore, qualified immunity questions should be resolved "at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

New York law affords "a defense of qualified immunity for government officials to state law claims such as those for false arrest and imprisonment wherever the official's action is not taken in bad faith or without a reasonable basis." *Mesa v. City of New York*, No. 09 Civ. 10464 (JPO), 2013 U.S. Dist. LEXIS 1097, at *37-38 (S.D.N.Y. Jan. 3, 2013) (citing *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 364 (2d Cir. 2004)). "This reasonableness standard is the same standard as that applied in federal qualified immunity analysis; thus, where an officer's actions are deemed objectively reasonable, that officer will be immune under both federal and state law." *Mesa*, 2013 U.S. Dist. LEXIS 1097, at *38 (citing *Jones v. Parmley*, 465 F.3d 46, 64 (2d Cir. 2006)).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002). Law enforcement officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v.*

15

*Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).  Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The application of qualified immunity is important because "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials − like other officials who act in ways they reasonably believe to be lawful − should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The qualified immunity standard is often referred to as "arguable probable cause" and is defined by the Second Circuit as existing when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question ***could*** have reasonably believed that probable cause existed in the light of well established law."  *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001) (internal quotation marks and citation omitted) (emphasis in original).  Further, "an arresting officer is entitled to qualified immunity "as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met."  *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (internal quotation marks, emphasis and citation omitted); *see also, e.g., Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("A police officer is entitled to qualified immunity shielding him or her from damages for false arrest where (1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest.").  "Put another way, an arresting officer will find protection under the defense of qualified immunity unless 'no reasonably

16

competent officer' could have concluded, based on the facts known at the time of the arrest, that probable cause existed." *Figueroa v. Mazza*, No. 14-4116-cv, 2016 U.S. App. LEXIS 10152, at *21 (2d Cir. June 3, 2016).

Here, it was certainly objectively reasonable for the defendants to believe there was probable cause to arrest and prosecute plaintiffs on the basis of the information obtained from Mr. Vasquez, the complaining victim. Therefore, because there was at least "arguable probable cause" to arrest and prosecute plaintiffs, defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants City, Siokas, Ward and Jonny respectfully request that the Court grant their motion for summary judgment in its entirety, with prejudice, together with costs and fees the Court deems just and proper.

Dated:         New York, New York
               July 31, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York  10007
                              (212) 356-2351


                      By:     /s/ Kavin Thadani
                              Kavin Thadani
                              Senior Counsel
                              Special Federal Litigation Division



TO:    **VIA ECF**
       Michael Lumer, Esq.
       *Attorney for Plaintiffs*

17